Good morning, Your Honors. Devin Burstein, Federal Defenders for Mr. Ramirez. In 1991, Mr. Ramirez was statutorily eligible for voluntary departure. The IJ failed to inform him meaningfully of voluntary departure, and he had considerable equities that are in the record before this Court, that were in the record before the District Court, which demonstrate, we believe clearly, that Mr. Ramirez has established prejudice because voluntary departure for somebody like Ramirez with considerable equities was certainly plausible. Your real problem is the problem is whether he's statutorily eligible, isn't it? I don't believe that's a problem for us, but I would certainly agree with you, Judge Bybee, that that is in the crux. That's really the only thing the government has challenged. And the government has not challenged the fact that the possession of Hashish conviction, the 11-357-A conviction, is in the crux. They haven't challenged that that would per se make him ineligible because hash is different than marijuana. What they've said is that when he pled People v. West, no contest, the plea agreement there says stipulate to a factual basis in the police reports. And those police reports contain a statement by one of the officers that Mr. Ramirez, and the word he uses is essentially said as follows, and then admitted to having sold. It's actually pretty detailed as to what went on between the officer and Mr. Ramirez. He's recounted dialogue, and whether he's attempting to quote it directly, he's done his very best to reconstruct the sale of marijuana. Now, why doesn't that satisfy the provision in the law that says if your client has admitted to facts that would constitute a crime, that that is sufficient, even if he wasn't convicted of the crime? Well, Judge Biden, your question goes straight to 11-82, A-2, Big A, and I would submit Big C, which is the prong that says you can't step through 11-01. It says you couldn't establish good moral character if the Immigration Service had reason to believe that you were a drug trafficker. And also Big A, which is the language that you directly quoted or directly referenced. Well, you agree you have to read 11-01 and 11-82 together. Yes, ma'am. I do agree that, Your Honor. That is absolutely the way it has to go. And Sanchez, this Court's en banc decision in Sanchez, addresses that, and it really carries the day, I think. It says, and I'm going to quote a little bit, is Section 11-01, F-3, bars most controlled substance traffickers from establishing good moral character, but expressly exempts persons that have committed a single offense of simple possession of 30 grams or less of marijuana. But your client doesn't qualify for that latter exemption, does he? Yes, he's absolutely and 100 percent within that exemption. What about Officer Garcia's account, though? Wouldn't that suggest that he doesn't qualify? No, because the statute of conviction, Your Honor, is a possession, and the marijuana exception applies so long as the conduct and the language in 11-01, F-3, relates to a single offense of simple possession of 30 grams or less of marijuana. That might get you out of a big C, but it doesn't get you out of, I'm sorry, two big C, but it doesn't get you out of a two big A. Well, Your Honor, I certainly understand that point of view, but I would ask you to look at the fact that the marijuana exception language in 11-01 applies equally to big C and to big A. But this isn't just simple possession. He was admitted to trafficking, did he not? He sold it. That's a whole different point. He's admitted committing acts which constitute the essential elements of a violation of a controlled substance law. Well, I — And that would be trafficking, which would take it out of the simple possession exception. It would put it firmly within the simple exception, the simple possession exception, as this en banc court set it forth. But Sanchez didn't, wasn't trying to address this kind of a situation. It's an offhand observation. It really isn't relevant to this. It hasn't tried to parse the statute in the way that we're trying to parse it today. This is a very, very confusing statute. Well, Your Honor, let me respond in two ways. First of all, just in terms of what Sanchez said, I don't know that it's necessarily the most fair characterization of this Court's en banc decision to say it was an offhand comment about the statute. There's — I mean, they do it twice. If the word most controlled substance traffickers is what they say, that must create an exception that means in certain circumstances the marijuana exception continues to apply, even to somebody who is somebody — even to somebody who might have been the most minor of controlled substance traffickers. But there's another response here, is that I think we don't get to the police reports, and I don't think those were properly considered. I think the only thing that was considered — Kennedy. What do you mean we don't get to the police reports? Okay. The government's argument is, look, when you stipulate to police reports, this Court has said you can consider them in the modified categorical approach. They cite two cases for that, Almazan-Pacera and they cite Espinoza-Cano. Those are the two cases they've cited. However, modified categorical approaches, I'm sure Your Honors are well familiar with, doesn't apply unless there's an overbroad statute. As this Court in Estrada-Espinoza made perfectly clear — Well, why is that analysis even applicable here where Congress has said persons who admit committing acts — that takes it way out of the framework of the statute of conviction. I understand, but how — Now we have acts which constitute the elements of drug trafficking. But those statements in the police reports wouldn't properly be before the IJ. This was — they shouldn't have — they shouldn't be considered by the IJ. And I know — Why not? Your client pled guilty and — He pled People v. West. He pled people v. West. He pled People v. West. Okay. Which is what? Essentially a no-lo. Okay. A no-lo. But the basis for his was the stipulate to police report as factual basis. Now, that's right under the citation to People v. West on page 2. Exactly. And what that means is that the Court could look to the — in the no-lo when you're not — when you're not admitting to anything, the Court could look to them. But, Your Honor, this is — I really need to make this point. Your client could have come in and said to the — to the — and said to the Court — the Court could have said, do you have any convictions? He says, no, I don't. But you know something? I was selling marijuana back in, you know, 15 years ago. And that would be sufficient to satisfy 1182. Whether or not there was — he was never arrested for anything. That didn't happen. And that — what I'm trying to say is — Well, it didn't happen unless you interpret the admission of the facts of the police report as being one and the same. He didn't say those words, but he admitted to those words. Okay. But I think this is really — and I'm losing you a little bit on this, but I'm going to try one more time, because those police reports would never properly be before an IJ. They would never properly be before an IJ, because the way the government gets them there is through a modified categorical approach. That's what they've told you. That just like on the Sambucera and Espinoza-Connolly — But like Judge Bivey pointed out, though, I mean, you're quite right. We're very familiar with modified categorical analysis, but that's in a very different context. Here you have an express statute that if you apply what your client admitted to, meets that requirement or appears to meet that requirement. That's quite different than our — you know, doing a tailor-modified categorical analysis. Right. I couldn't agree with you more, Judge Smith. That's the point. There's no way for the IJ — Shepherd says police reports aren't to be considered. That's in a sentencing enhancement context, where we're talking about somebody who's actually been convicted of something and now is going to have their sentence enhanced because they've committed a prior offense. This is an informal proceeding before — an administrative proceeding before an immigration judge. He doesn't even have to rely on proof beyond a reasonable doubt. That's not the standard. It's entirely — it's an entirely different context. But the statute of conviction that the judge had before him fits within the marijuana exception. And 1101 — how about this? There's other marijuana exceptions in the federal law. 1227 is one. 1227 contains one, and it contains different language. It says less than 30 grams for personal use. This doesn't. The 1101F3 exception just says that the conduct relates to a single offense of simple possession. Congress has made a decision that, look, you may have sold a gram of marijuana. You may have done whatever you did. But if the only thing that happened is in the judgment of the sovereign who considered it, that you get some minor marijuana conviction, we're not going to say that disqualifies you from establishing good moral character. And then Congress added, unless, of course, you've also admitted to facts that would constitute another controlled substance violation, that would be different from possession. And that's the problem. I think that if Congress had wanted to limit it to a personal use exception, they would have, as they did in 1227. I think that a good moral character determination, they chose specific language. They chose the language it relates to. That doesn't mean it is defined as a solely as a simple possession. I see I'm over my time and I apologize, but Judge Bybee, I just want to answer your question fully. It means relates to. So when your conduct relates to that conviction, you can still establish good moral character. And it makes sense. What if this guy who has been here since he was a toddler, had two United States citizen children, was married here, what if he, you know, he had one minor conviction? It was 1.26 grams. And that, I think it's perfectly reasonable that Congress could say in that kind of circumstance, that conduct relates to his conviction. And that's absolutely correct if that's all there was. But as has been pointed out, there's more. He admitted to trafficking. And that's a whole separate deal. But that's what he admitted to trafficking. If you want to say he admitted. Look, the police report is one. But Congress didn't say there was a de minimis exception for trafficking. He only said there was a de minimis exception for possession. In other contexts, Congress has said there's a de minimis exception. This isn't that context. This is the context we have to deal with. We have to deal with this statutory framework. You're right, Your Honor. And clearly you're right. But what I think is, and I'm going to press upon you to reconsider, is that the exception in 1101F3 covers not just the conviction, but it specifically and expressly applies to Big A. Big A includes the language that Your Honor has zeroed in on. 1101F3 marijuana exception expressly applies to all of Big A. And that includes the conduct. And 1101F3 says relates to Big A. If Big A includes the conduct condition that Your Honor has zeroed in on, then 1101F3's marijuana exception must apply. And therefore, as would follow, as Your Honors I'm sure are well aware and I won't bother you with, would render this deportation invalid and the conviction invalid. Thank you, Mr. Bernstein. I will allow you another minute, just so that you know. Thank you very much. We'll hear from the government. Mr. Hoffman. Thank you. Good morning. Carl Hoffman for the United States. Mr. Ramirez can't prevail in this case because he wasn't prejudiced. He could not have been prejudiced because he was simply statutorily ineligible for relief. And I think we're all agreed on the steps that take us to this, to at least the nub of the matter, to be eligible statutorily for relief and for voluntary departure. Do you have anything to add? Obviously we've had an extended conversation with your counterpart. Do you have anything to add to what has already been said about the exception, in this case specifically, that it was much more involved than the 30 grams of simple possession? I do. There are a number of things I'd add. The first is, I think Mr. Burstein said, none of these facts could properly be before the IJ, and I just don't think that's right. I mean, if the Immigration Council had brought the plea, the certified documents from this actual offense, I think that would be properly before the court. And as Judge Bivey said, even if the defendant had admitted it in some kind of colloquy, that would probably be before the IJ. So I don't see there's any bar to consideration at the IJ level of those facts. And the facts were trafficking. I mean, it was true that there was whatever grams of marijuana was, but the defendant himself admitted, and this is page 79, in the police report, which was then stipulated to him in court as a basis for a guilty plea, that, yeah, I sell value once in a while for a guy. I get $1 a bag. You were my last guy. Meaning there were guys before you. And once in a while, meaning I do it more than on this occasion. So the notion that we're confined, I mean, it's true there was only one whatever grams of marijuana at the particular time. That's because he caught them at the end of the day, as it were. It was $10 worth. Right. I mean, now this is back in 1991. Maybe we account for inflation. Maybe it's a little more than that. I don't know. But it's very clear that, first of all, the facts that were admitted, and not just in the police report, but then are incorporated by reference into the guilty plea, which is done in open court, under oath, et cetera, then could have been relied on by the IJ. There's nothing to bar that. The IJ actually chewed out the immigration attorney for not really preparing this case in the way that he might have, as thoroughly as he might have, and didn't find the defendant excludable on the drug conviction grounds. Because the immigration lawyer had just relied on, well, he's convicted under this particular statute. And the IJ probably said, well, how do we know how many grams? It's a possession statute. Maybe he was convicted solely of simple possession for under 30 grams. And here's what the IJ said. I'm punting on that, because that's an open question. The immigration lawyer didn't have additional information, such as the guilty plea, the police reports incorporated by reference, et cetera. So I hope that's responsive to your question, Judge Smith. That's what I had to say to add to the conversation that went on before. Opposing counsel made a big point about saying 1101F3 is part of Big A. I agree. You agree with that? Yes. I mean, it's funny, because that's very different from what the papers said. The papers were all concentrating on, well, I'm sorry. I agree it's part of Big 3, 1101F3. And by reference, that applies to all of the subparagraphs, actually the entire paragraph of 1182A. You think that the exception applies to subparagraphs A, B, and C. I do. I agree. I do think it applies to paragraphs A, B, and C. I don't disagree with counsel about that, but I don't think that gets him to where he wants to and needs to go, because it's his burden to show that his offense was simple possession of marijuana of less than 30 grams. And he admitted to sales. He admitted to the essential elements constituting that. Now, I know the Court's been here a long time, so I won't. The only thing I'd like to say is I think there's been way, way too heavy a reliance on Sanchez, I think, by these characterization. I mean, it's one paragraph. It really only talks about subparagraph C, and it's just by way of a contrast. Look, Congress can make an exception when it wants to. It's not construing the contours of what the simple possession exception is. I won't try to force patience any longer. If you have particular questions, I'd be happy to answer them. I don't think so. Thank you, Mr. Hoffman. Mr. Bernstein, I think we understand your argument, but if there's something that you'd like to respond to, we'll be happy to hear you. Just very quickly, Your Honor. I won't comment until he does. Obviously, you know, Sanchez says what it says. If Sanchez is right, I think I have to win. Sanchez is just a passing comment that the Court chooses to find that way. Maybe another outcome is possible. But I really just went back to look at the statute to 1182A to Big A, because that's where we are, I feel. And 1182Big A is, it does say who admits having committed or admitting acts which constitute the essential elements of a violation of a controlled substance offense, essentially. And then you look at 1101F3, and it says, it specifically says, referring to Big A, except a such paragraph relates to a single offense of simple possession. So if you have admitted to facts, but what happens is those facts wind up relating to what you are actually convicted of. And I don't know why there shouldn't be some emphasis on what the prosecutor and judge and defense counsel at state court decided was appropriate, that a conviction for simple possession. If you are there, you are within F3, because F3 encompasses wholeheartedly, as counsel stated, Big A. Thank you. Thank you very much. We thank both counsel for the argument. United States v. Ramirez-Ariola is concluded. And with that, the court will stand in recess until tomorrow.
judges: Nelson D. W., Bybee, Smith M.